**UNITED STATES of America,**
Appellee,

v.

**Edward GREEN, Defendant–Appellant.**

No. 05–1384–cr.

United States Court of Appeals,
Second Circuit.

April 26, 2004.

Sally Wasserman, New York, NY, for Defendant–Appellant.

John P. Collins, Jr., Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Katherine Polk Failla, on the brief) for Appellee, of counsel.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. DENNIS JACOBS, and Hon. B.D. PARKER,* Circuit Judges.

* The Honorable Barrington D. Parker recused himself and took no part in the disposition of this appeal. It was decided by the two re-

**SUMMARY ORDER**

Green appeals from his sentence, claiming ineffective assistance of trial counsel. We assume familiarity with the facts, the procedural history, and the issues on appeal.

To prevail on an ineffective assistance of counsel claim, Green must show that counsel's representation "fell below an objective standard of reasonableness" judged by prevailing professional norms. *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Additionally, Green must show prejudice: that but for the identified, alleged errors, a different outcome would have been reasonably probable. *Davis v. Greiner,* 428 F.3d 81, 90 (2d Cir.2005).

Green has made no showing of prejudice. Contrary to Green's assertions, the district court "meaningfully entertain[ed]" Green's objections to the presentence report: The judge reviewed Green's letter in chambers, afforded Green's trial attorney an opportunity to present her objections at the sentencing hearing, and announced that he understood Green's position. Green was also not prejudiced by counsel's use of the contemporaneous police reports. The court considered those reports, and concluded they were consistent with the sentencing enhancement. Thus, Green has established no "reasonable probability" that further citation to the reports would have relieved Green from the sentencing enhancement.

For the foregoing reasons, the judgment of the district court is affirmed.

maining members of the panel, who are in agreement. *See* 2d Cir. R. § 0.14(b).